MAYER BROWN LLP
CARMINE R. ZARLENGA (*pro hac vice*)
*czarlenga@mayerbrown.com*
1999 K Street, N.W.
Washington, DC 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

DALE GIALI (SBN 150382)
*dgiali@mayerbrown.com*
KERI E. BORDERS (SBN 194015)
*kborders@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

*Attorneys for Plaintiff 3M Company*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 3M COMPANY,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>RX2LIVE, LLC and RX2LIVE, INC.,<br><br>　　　　　　Defendants. | Case No. 1:20-cv-00523-NONE-SAB<br><br>**DECLARATION OF DALE GIALI IN SUPPORT OF PLAINTIFF 3M COMPANY'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>[*Filed concurrently with Plaintiff's Notice of Motion; Memorandum of Points and Authorities; Declaration of Carmine R. Zarlenga; Declaration of Charles Stobbie; Declaration of David A. Crist; and [Proposed] Order*]<br><br>Action Filed: April 10, 2020<br>Amended Complaint Filed: April 19, 2020<br>Jury Trial Demanded |

I, Dale J. Giali, declare as follows:

1. I am a partner at the law firm of Mayer Brown LLP, counsel of record in this action for Plaintiff 3M Company ("3M" or "Plaintiff"). This declaration is made in support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction against Defendants RX2Live, LLC and RX2Live, Inc. (collectively, "RX2Live" or "Defendants"), which is being filed concurrently herewith. I have personal knowledge of the matters set forth herein, and could and would competently testify thereto if called as a witness.

2. Attached hereto as **Exhibit 1** is a true and correct copy of the Court's Order to Show Cause For Temporary Restraining Order and Preliminary Injunction Against Performance Supply, LLC, (Dkt. No. 17), in the lawsuit *3M Company v. Performance Supply, LLC*, No. 1:20-cv-02949 (LAP) (KNF), pending in the United States District Court for the Southern District of New York.

3. Attached hereto as **Exhibit 2** is a true and correct copy of a printout from the website located at https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/summary.html (last accessed on April 25, 2020).

4. Attached hereto as **Exhibit 3** is a true and correct copy of a printout from the website located at https://www.cdc.gov/coronavirus/2019-ncov/hcp/respirators-strategy/index.html (last accessed on April 25, 2020).

5. Attached hereto as **Exhibit 4** is a true and correct copy of a spreadsheet from the "DOWNLOAD DATA (CSV)" tab on the website located at https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last accessed on April 25, 2020).

6. Attached hereto as **Exhibit 5** is a true and correct copy of an article that appeared in the *Wall Street Journal* on April 2, 2020, titled *3M CEO on N95 Masks: Demand Exceeds Our Production Capacity* (https://www.wsj.com/articles/3m-ceo-on-n95-masks-demand-exceeds-our-production-capacity-11585842928; last accessed on April 25, 2020).

7. Attached hereto as **Exhibit 6** is a true and correct copy of an article that appeared on *Minnesota Public Radio*'s website on March 5, 2020, titled *Pence Praises 3M for Mask-Production Efforts as MN Braces for COVID-19*

(https://www.mprnews.org/story/2020/03/05/pence-congratulates-3m-for-efforts-to-meet-demand-for-masks; last accessed on April 25, 2020).

8. Attached hereto as **Exhibit 7** is a true and correct copy of an article that appeared in the *Wall Street Journal* on April 9, 2020, titled *Faulty N95 Masks Hamper Hospitals on Coronavirus Front Line* (https://www.wsj.com/articles/faulty-n95-masks-hamper-hospitals-on-coronavirus-front-line-11586437345l; last accessed on April 25, 2020).

9. Attached hereto as **Exhibit 8** is a true and correct copy of the Complaint in the lawsuit *3M Company v. Performance Supply, LLC*, No. 1:20-cv-02949 (LAP) (KNF), pending in the United States District Court for the Southern District of New York.

10. Attached hereto as **Exhibit 9** is a true and correct copy of the Complaint in the lawsuit *3M Company v. John Doe, claiming to be the "3M Company Trust Account,"* Cause No. DC-20-05549, pending in Dallas County, Texas District Court.

11. Attached hereto as **Exhibit 10** is a true and correct copy of the Complaint in the lawsuit *3M Company v. Geftiko, LLC*, 6:20-cv-00648, pending in the United States District Court for the Middle District of Florida, Orlando Division.

12. Attached hereto as **Exhibit 11** is a true and correct copy of the Articles of Incorporation of Defendant RX2Live, Inc., filed with the Wyoming Secretary of State on August 28, 2018. I obtained a copy of this document through the website of the Wyoming Secretary of State, located at https://wyobiz.wyo.gov/Business/FilingDetails.aspx?eFNum=026062115147187208144162005171228198068022105173 (last accessed on April 25, 2020).

13. Attached hereto as **Exhibit 12** is a true and correct copy of the Franchise Disclosure Document of Defendant RX2Live, Inc., filed with the California Department of Business Oversight on June 25, 2019. I obtained a copy of this document through the California Department of Business Oversight Self Service Portal, located at https://docqnet.dbo.ca.gov/search/ (last accessed on April 25, 2020).

14. Attached hereto as **Exhibit 13** is a true and correct copy of the Franchise Disclosure Document of Defendant RX2Live, LLC filed with the California Department of Business Oversight

1  on March 22, 2018.  I obtained a copy of this document through the California Department of
2  Business Oversight Self Service Portal, located at https://docqnet.dbo.ca.gov/search/ (last accessed
3  on April 25, 2020).

4      15. Attached hereto as **Exhibit 14** is a true and correct copy of the Resume of Brian
5  Hazelgren that is available through Mr. Hazelgren's LinkedIn profile, available at
6  https://www.linkedin.com/in/brianhazelgren/ (last accessed on April 25, 2020).

7      16. Attached hereto as **Exhibit 15** is a true and correct copy of an email and attachment
8  which was received by Mayer Brown LLP in the course of its representation of Plaintiff.  The email
9  dated March 27, 2020, from Virginia Cooper, whom on information and belief is an agent or
10 employee of RX2Live, to Tiffani Quinto, a contract coordinator for Community Medical Centers,
11 Inc., advertises "PPE products that are available through RX2LIVE" and attaches a "Personal
12 Protective Equipment Product/Price List" (dated March 26, 2020).  The "Price List" advertises for
13 sale "Face Mask N95 #8210 direct from 3M" at a minimum purchase quantity of 10 million units
14 for $4.95 per unit.

15     17. Attached hereto as **Exhibit 16** is a true and correct copy of an email and attachment
16 which was received by Mayer Brown LLP in the course of its representation of Plaintiff.  The email
17 dated March 30, 2020, from Virginia Cooper, whom on information and belief is an agent or
18 employee of RX2Live, to Tiffani Quinto, a contract coordinator of Community Medical Centers,
19 Inc., attaches a Powerpoint presentation with "pictures, catalog codes, pricing and minimum
20 requirements" for PPE available for purchase from RX2Live.  The Powerpoint presentation
21 advertises for sale "3M N95 1860" respirators at $5.20 per respirator and "3M N95 8210"
22 respirators at $4.95 per respirator, and represents that the respirators are "Direct from 3M."  The
23 presentation also represents that "3M requires payment in full before order can be placed.  Payment
24 is held in escrow until the order is completed."

25     18. Attached hereto as **Exhibit 17** is a true and correct copy of an email and attachments
26 which were received by Mayer Brown LLP in the course of its representation of Plaintiff.  The
27 email dated March 26, 2020, is from Suzanne Roberds, whom on information and belief is an agent
28 or employee of RX2Live, to undisclosed recipients, including an RX2Live franchisee DeArcy

Vaughan. The attachments include a blank purchase order indicating that N95 respirators would be "direct from 3M"; a price list likewise indicating that 3M model no. 8210 respirators were available "direct from 3M" in large quantities and at the grossly inflated price of $4.95 per respirator (4-5 times above 3M's list price); and a Non-Circumvention, Non-Disclosure & Working Agreement which seeks to conceal all of the details relating to the transactions involving PPE, including the source of the products.

19. Attached hereto as **Exhibit 18** is a true and correct copy of an email which was received by Mayer Brown LLP in the course of its representation of Plaintiff. The email dated March 27, 2020, is from Virginia Cooper, whom on information and belief is an agent or employee of RX2Live, to Tiffani Quinto, a contract coordinator at Community Medical Centers, Inc. On March 27, 2020, Ms. Quinto asked Ms. Cooper, "On your spreadsheet for the 3M N95's are you looking for a minimum order of 10,000,000 each at $49,500,000? Or is the minimum order smaller than that?"

20. Attached hereto as **Exhibit 19** is a true and correct copy of an email which was received by Mayer Brown LLP in the course of its representation of Plaintiff. The top portion of this email has been redacted on the basis of attorney-client privilege. The email dated April 3, 2020, from Tiffani Quinto, a contract coordinator at Community Medical Centers, Inc., to Paul Whittall, District Manager N. California/N. Nevada at 3M, states, "Attached is the email communications from a supplier named RX2Life [*sic*][.] I'm not sure if this is an authorized supplier. But they are wanting a minimum purchase of 10million the 3M 8210 masks @ $4.95/each[.]"

21. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 25th day of April, 2020 at Los Angeles, California.

Respectfully Submitted,

By: _____
Dale J. Giali