MAYER BROWN LLP
CARMINE R. ZARLENGA (*pro hac vice*)
*czarlenga@mayerbrown.com*
1999 K Street, N.W.
Washington, DC 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

DALE GIALI (SBN 150382)
*dgiali@mayerbrown.com*
KERI E. BORDERS (SBN 194015)
*kborders@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

*Attorneys for Plaintiff 3M Company*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 3M COMPANY,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>RX2LIVE, LLC and RX2LIVE, INC.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00523-NONE-SAB<br><br>**[PROPOSED] ORDER GRANTING TEMPORARY RESTRAINING ORDER AND TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AGAINST RX2LIVE, LLC AND RX2LIVE, INC.**<br><br><br>Action Filed: April 10, 2020<br>Amended Complaint Filed: April 19, 2020<br>Jury Trial Demanded |

**WHEREAS**, the Court, having considered Plaintiff 3M Company's ("3M") Motion for a Temporary Restraining Order and Preliminary Injunction and Memorandum of Points and Authorities in support thereof (the "Motion") against Defendants RX2Live, LLC and RX2Live, Inc. ("Defendants"), together with the supporting Declarations of Dale Giali, Carmine R. Zarlenga, Charles Stobbie, and David A. Crist (collectively, the "Declarations"), as well as the record and proceedings to date in the above-captioned action,

**IT IS HEREBY ORDERED** that 3M's Motion is **GRANTED** in its entirety.

It is hereby further **ORDERED** that:

1. Defendants appear before The Honorable Dale A. Drozd, District Judge, United States District Court for the Eastern District of California, on April _____, 2020, at _____ am/pm, via telephone conference pursuant to General Order No. 612 issued on March 16, 2020, and show cause (the "Show Cause Hearing") as to why the Court should not enter an Order, pursuant to Fed. R. Civ. P. 65(a), that:

   a. Preliminarily enjoins Defendants, their agents, servants, employees, officers and all persons and entities in active concert and participation with them from using the "3M" trademarks (the "3M Marks") and any other word, name, symbol, device, or combination thereof that is confusingly similar to the 3M Marks, for, on, and/or in connection with the manufacture, distribution, advertising, promoting, offering for sale, and/or sale of any goods or services, including, without limitation, Plaintiff's 3M-brand N95 respirators, during the pendency of this action, and

   b. Preliminarily enjoins Defendants, their agents, servants, employees, officers and all persons and entities in active concert and participation with them from engaging in any false, misleading, and/or deceptive conduct in connection with 3M and its products, including, without limitation, representing themselves as being authorized distributors, vendors, agents, representatives, retailers, and/or licensees of 3M and/or any of 3M's products (including, without limitation, 3M-brand N95 respirators); falsely representing to have an association or affiliation with, sponsorship by, and/or connection with, 3M and/or any of 3M's products; falsely representing that 3M has increased the price(s) of its 3M-brand N95 respirators; and offering to sell any of 3M's

1 products at a price and/or in a manner that would constitute a violation California Penal Code § 396 and/or California Business and Professions Code §§ 17200 *et seq.*, during the pendency of this action.

2. Sufficient reason having been shown therefor, from the date of this Order, through and including the date of the Show Cause Hearing, Defendants, their agents, servants, employees, officers and all persons and entities in active concert and participation with them, are hereby temporarily restrained, pursuant to Fed. R. Civ. P. 65(b), from engaging in any of the acts and/or conduct described in Paragraphs 1(a) and 1(b) of this Order.

3. Pursuant to this Court's equitable powers and discretion, 3M need not post a bond.

4. 3M and/or its authorized representative(s) must serve a copy of this Order, together with the Motion and Declarations in support thereof, on Defendants' CEO Brian Hazelgren at 3126 East Gary Street Mesa, AZ 85213, no later than ____ days before the date set for Show Cause Hearing, and proof of service shall be filed no later than ____ days before the Hearing. The foregoing shall constitute proper service and notice of this Order.

5. Any response or opposition to this Order must be filed and personally served on Plaintiff's counsel no later than ____ days before the Show Cause Hearing, and proof of service shall be filed no later than ____ days before the Hearing.

6. On two days' notice to the party who obtained the Order without notice—or on shorter notice set by the Court—the adverse party may appear and move to dissolve or modify the Order.

This Court shall retain jurisdiction to hear and determine all matters arising out of, relating to, and/or otherwise concerning the interpretation and/or enforcement of this Order.

**SO ORDERED** this _____ day of April, 2020.

_____
The Honorable Dale A. Drozd
United States District Judge