UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 3M COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RX2LIVE, LLC, and RX2LIVE, INC.,<br><br>　　　　　Defendants. | No.  1:20-cv-0523-NONE-SAB<br><br>ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER; AND ORDERING DEFENDANTS TO SHOW CAUSE RE PRELIMINARY INJUNCTION<br><br>(Doc. No. 14) |

　　　　On April 10, 2020, plaintiff 3M Company ("3M") filed a complaint against defendant RX2Live, LLC. (Doc. No. 1.) On April 19, 2020, plaintiff filed an amended complaint, adding RX2Live, Inc. as a defendant. (Doc. No. 8.) On April 27, 2020, plaintiff filed a motion for a temporary restraining order ("TRO") and preliminary injunction as to its federal and state claims for trademark infringement and dilution, unfair competition, false endorsement, false association, false designation of origin, and unlawful, unfair, and fraudulent business acts and practices. (Doc. No. 14-1.) 3M seeks temporary injunctive and preliminary relief to prevent defendants RX2Live, LLC and RX2Live, Inc. from using 3M's trademarks in connection with defendants' promotion of goods or services, including plaintiff's 3M-brand N95 respirators. (*Id.*) As of the date and time of entry of this order, no defendant has filed an opposition to the pending motion or

otherwise attempted to communicate with the court.[1]  Having reviewed the record and the relevant authorities, the court grants the motion for a TRO and orders defendants to show cause why a preliminary injunction should not issue.

**IT IS HEREBY ORDERED** that 3M's Motion for a TRO is **GRANTED** in its entirety. It is hereby further **ORDERED** that:

1. Defendants appear before The Honorable Dale A. Drozd, District Judge, United States District Court for the Eastern District of California, on **Tuesday, May 12, 2020, at 10:00 a.m. (Pacific Time),** via telephone conference pursuant to General Order No. 612 issued on March 16, 2020, and show cause (the "Show Cause Hearing") as to why the court should not enter an Order, pursuant to Federal Rule of Civil Procedure 65(a), that:

   a. Preliminarily enjoins defendants, their agents, servants, employees, officers and all persons and entities in active concert and participation with them from using the "3M" trademarks (the "3M Marks") and any other word, name, symbol, device, or combination thereof that is confusingly similar to the 3M Marks, for, on, and/or in connection with the manufacture, distribution, advertising, promoting, offering for sale, and/or sale of any goods or services, including, without limitation, plaintiff's 3M-brand N95 respirators, during the pendency of this action, and

   b. Preliminarily enjoins defendants, their agents, servants, employees, officers and all persons and entities in active concert and participation with them from engaging in any false, misleading, and/or deceptive conduct in connection with 3M and its products, including, without limitation, representing themselves as being authorized distributors, vendors, agents,

---

[1] The court finds that plaintiff has made reasonable attempts to provide defendant notice of its motion for a TRO and this court's April 28, 2020 minute order via telephone, e-mail, and overnight delivery. (Doc. No. 14-2 at 2–3; Doc. No. 14-3 at 2; Doc. Nos. 16, 17.)  Plaintiff indicates that all relevant documents were delivered on April 27 and April 29, 2020 to the home of defendants' CEO Brian Hazelgren in Mesa, Arizona (Doc. No. 14-2; Doc. No. 14-41; Doc. No. 17), the same address where plaintiff personally served its Complaint, First Amended Complaint, and summons upon defendant. (Doc. No. 15.)  The court notes that defendants did not retain attorney Joe Lipari of The Sultzer Law Group as counsel and that plaintiff has been diligent in attempting to determine whether defendants have retained counsel and whether defendants would stipulate to a resolution of plaintiff's motions. (Doc. No. 17.)

representatives, retailers, and/or licensees of 3M and/or any of 3M's products (including, without limitation, 3M-brand N95 respirators); falsely representing to have an association or affiliation with, sponsorship by, and/or connection with, 3M and/or any of 3M's products; falsely representing that 3M has increased the price(s) of its 3M-brand N95 respirators; and offering to sell any of 3M's products at a price and/or in a manner that would constitute a violation California Penal Code § 396 and/or California Business and Professions Code §§ 17200 *et seq.*, during the pendency of this action.

2. Sufficient reason having been shown therefor, from the date of this Order, through and including the date of the Show Cause Hearing, Defendants, their agents, servants, employees, officers and all persons and entities in active concert and participation with them, are hereby temporarily restrained, pursuant to Federal Rule of Civil Procedure 65(b), from engaging in any of the acts and/or conduct described in Paragraphs 1(a) and 1(b) of this Order.

3. Pursuant to this court's equitable powers and discretion, 3M need not post a bond.

4. 3M and/or its authorized representative(s) shall serve defendants with copies of this Order and all pleadings and other papers in support of the Order on or before **Monday, May 4, 2020**, by overnight courier service with verification of receipt.

5. Defendants shall file an Opposition, if any, to the Order to Show Cause on or before **Thursday, May 7, 2020**. Defendants are forewarned that failure to timely file an opposition waives any right to be heard in opposition at the hearing on the pending motion for preliminary injunction and may result in the hearing being vacated and the matter submitted for decision on the papers. *See* Local Rule 230(c); *see also Goldberg v. Barreca*, 720 F. App'x 877, 878 (9th Cir. 2018) (holding district court did not abuse its discretion by failing to hold evidentiary hearing when initially ruling on preliminary injunction motion because it did not need to resolve any factual disputes).[2]

6. Plaintiff shall file and serve its reply to defendant's opposition, if any, on or before **Friday, May 8, 2020**.

---

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

3

7.  Defendants are further notified of their right to apply to the court for modification or dissolution of this Temporary Restraining Order on two (2) days' notice or such shorter notice as the court may allow. *See* Fed. R. Civ. P. 65(b) and Local Rule 231(c)(8).

This court shall retain jurisdiction to hear and determine all matters arising out of, relating to, and/or otherwise concerning the interpretation and/or enforcement of this Order.

IT IS SO ORDERED.

Dated:   **April 30, 2020**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE