1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EISENBERG & CARTON
LLOYD M. EISENBERG (*pro hac vice*)
*leisenberg@eisenbergcarton.com*
405 RXR Plaza
Uniondale, NY 11556
Telephone: (516) 221-3700
Facsimile: (516) 977-3337

*Attorneys for Defendants*
RX2LIVE, LLC AND RX2LIVE, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 3M COMPANY, | Case No. 1:20-cv-00523-NONE-SAB |
| Plaintiff, | **DEFENDANTS' ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | |
| RX2LIVE, LLC and RX2LIVE, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | Action Filed: April 10, 2020<br>Amended Complaint Filed: April 19, 2020<br>Jury Trial Demanded |

Defendants RX2Live, LLC and RX2Live, Inc. (collectively, "Defendants" or "RX2Live"), by and through their undersigned counsel, as and for their Answer to Plaintiff's Amended Complaint ("the Amended Complaint"), state as follows:

1. Answering Paragraph 1 of the Amended Complaint, deny all allegations of wrongdoing against the Defendants set forth therein, except admit that Plaintiff claims that this lawsuit concerns those allegations.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Amended Complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Amended Complaint, except admit that Healthcare

1  professionals and other first responders are heroically placing their health and safety on the line to
2  battle COVID-19.

3      4.      Deny knowledge or information sufficient to form a belief as to the truth of the
4  allegations set forth in Paragraph 4 of the Amended Complaint.

5      5.      Deny knowledge or information sufficient to form a belief as to the truth of the
6  allegations set forth in Paragraph 5 of the Amended Complaint, except deny the allegations set forth
7  in Paragraph 5 to the extent they allege any wrongdoing by the Defendants.

8      6.      Answering Paragraph 6 of the Amended Complaint, deny knowledge or information
9  sufficient to form a belief as to the truth of the allegations set forth therein, except admit that
10 attached to the Amended Complaint as Exhibits 1 and 2 are documents Plaintiff alleges are a 3M
11 press release and publication, and respectfully refer the Court to the Exhibits for their content; and
12 deny the allegations set forth in Paragraph 6 to the extent they allege any wrongdoing by the
13 Defendants.

14     7.      Answering Paragraph 7 of the Amended Complaint, deny knowledge or information
15 sufficient to form a belief as to the truth of the allegations set forth therein, and deny the allegations
16 to the extent they allege wrongdoing by the Defendants.

17     8.      Answering Paragraph 8 of the Amended Complaint, deny the allegations set forth
18 therein, and further state that Defendant RX2Live, LLC worked as sales agents for a third party,
19 which dictated the prices and procedures pursuant to which it sold 3M products, and Defendant
20 RX2Live, LLC merely passed those prices and procedures on to potential customers.

21     9.      Answering Paragraph 9 of the Amended Complaint, deny knowledge or information
22 sufficient to form a belief as to the truth of the allegations set forth therein, except admit that
23 Exhibits 3 and 4 purport to be emails from Virginia Cooper to someone named Tiffani Quinto dated
24 March 27, 2020, and March 30, 2020, respectively, that they contain attachments containing pricing
25 and other purchasing information, and respectfully refer the Court to the exhibits for their full and
26 accurate contents.  Defendants further state that Defendant RX2Live, LLC worked as sales agents
27 for a third party, which dictated the prices and procedures pursuant to which it sold 3M products,
28 and Defendant RX2Live, LLC merely passed those prices and procedures on to potential customers.

Defendants deny the allegations set forth in Paragraph 9 to the extent they allege any wrongdoing by the Defendants

10. Answering Paragraph 10 of the Amended Complaint, admit that Defendants are not and never have been authorized distributors of any of 3M's products; and deny the remaining allegations set forth therein.

11. Deny the allegations set forth in Paragraph 11 of the Amended Complaint, and respectfully refer the Court to the document described therein, but not attached to the Amended Complaint for its full and accurate contents.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Amended Complaint, except deny the allegations set forth in Paragraph 12 to the extent they allege any wrongdoing by the Defendants.

13. Answering Paragraph 13 of the Amended Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except deny the allegations set forth in Paragraph 12 to the extent they allege any wrongdoing by the Defendants.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Amended Complaint.

15. Answering Paragraph 15 of the Amended Complaint, admit the allegations set forth therein, except deny the allegations set forth in Paragraph 15 to the extent they allege any wrongdoing by the Defendants including but not limited to that RX2Live purportedly supplies "counterfeit 3M-brand N95 respirators."

16. Admit the allegations set forth in Paragraph 16 of the Amended Complaint.

17. Admit the allegations set forth in Paragraph 17 of the Amended Complaint, except deny the allegations set forth in Paragraph 17 to the extent they allege any wrongdoing by the Defendants.

18. Admit the allegations set forth in Paragraph 18 of the Amended Complaint, except deny the allegations set forth in Paragraph 18 to the extent they allege any wrongdoing by the Defendants, and deny that the amount in controversy exceeds $75,000, exclusive of interest and costs.

19.   Answering Paragraph 19 of the Amended Complaint, admit that the Court has jurisdiction over Defendants, but deny all allegations of wrongdoing by Defendants set forth therein.

20.   Answering Paragraph 20 of the Amended Complaint, admit that venue is proper in this District, except deny the allegations set forth in Paragraph 20 to the extent they allege any wrongdoing by the Defendants.

21.   Admit the allegations set forth in Paragraph 21 of the Amended Complaint.

22.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Amended Complaint.

23.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Amended Complaint.

24.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Amended Complaint.

25.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Amended Complaint.

26.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Amended Complaint.

27.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Amended Complaint.

28.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Amended Complaint.

29.   Answering Paragraph 29 of the Amended Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and respectfully refer the Court to Exhibits 5 and 6 attached to the Amended Complaint for their full and accurate contents.

30.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Amended Complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Amended Complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Amended Complaint.

33.     Answering Paragraph 33 of the Amended Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and respectfully refer the Court to 3M's homepage of its website for its full and accurate contents.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Amended Complaint.

35.     Answering Paragraph 35 of the Amended Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and respectfully refer the Court to the image set forth therein, and a 3M branded Model 8210 respirator for their full and accurate appearances.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Amended Complaint.

37.     Answering Paragraph 37 of the Amended Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and respectfully refer the Court to Exhibits 1 and 2 to the Amended Complaint for their full and accurate contents.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Amended Complaint.

39.     Answering Paragraph 39 of the Amended Complaint, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and respectfully refer the Court to Exhibits 7 and 8 to the Amended Complaint and the inset contained in Paragraph 39 thereof, for their full and accurate contents.

40.     Answering Paragraph 40 of the Amended Complaint, deny the allegations set forth therein as against Defendants, and deny knowledge or information sufficient to form a belief as to

the truth of the allegations set forth therein to the extent same are alleged against unknown "bad actors."

41.    Answering Paragraph 41 of the Amended Complaint, deny the allegations set forth therein, and further state that Defendant RX2Live acted as a sales agent with respect to 3M's products here at issue for four days for third-party supplier of 3M's N95 respirators, and all statements passed along regarding 3M and its products were supplied by that third-party supplier.

42.    Answering Paragraph 42 of the Amended Complaint, deny the allegations set forth therein, except admit that Defendants are not authorized 3M dealers or distributors, and further state that they never purported to be same.

43.    Deny the allegations set forth in Paragraph 43 of the Amended Complaint, except admit that Defendant RX2Live, LLC provided a purchase order form and price list supled by the third-party for which it served as a sales agent for four days.

44.    Answering Paragraph 44 of the Amended Complaint, deny the allegations set forth therein, except admit that on March 27, 2020, Virginia Cooper emailed someone named Tiffani Quinto concerning the availability of PPE products, and respectfully refer the Court to Exhibit 3 to the Amended Complaint for its full and accurate contents.

45.    Answering Paragraph 45 of the Amended Complaint, admit that on March 30, 2020, Virginia Cooper emailed an attachment to Tiffani Quinto, respectfully refer the Court to Exhibits 4 and 9 to the Amended Complaint for their full and accurate contents.

46.    Answering Paragraph 46 of the Amended Complaint, respectfully refer the Court to page 2 of Exhibit 4 to the Amended Complaint for its full and accurate contents, deny the allegations set forth therein to the extent that they imply wrongdoing by the Defendants, and state that all information provided by Defendant RX2Live, LLC regarding 3M and its products was supled by the third-party for which it served as a sales agent for four days

47.    Answering Paragraph 47 of the Amended Complaint, deny the allegations set forth therein, except admit that Defendants do not "represent 3M and 3M has never authorized Defendants or its agents, employees, or franchisees to manufacture, distribute, advertise, market, offer for sale, receive payments on 3M's behalf, escrow funds on 3M's behalf, and/or sell 3M-

brand N95 respirators;" and further state that Defendants' PowerPoint presentation passes on to potential customers statements by third-party suppliers of PPE, and Defendants do not hold themselves out as doing any of the activities alleged in Paragraph 47.

48. Answering Paragraph 48 of the Amended Complaint, deny the allegations set forth therein, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning 3M's posted prices, and respectfully refer the Court to Exhibits 4 and 7 to the Amended Complaint for their full and accurate contents.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Complaint, and respectfully refer the Court to Exhibits 4 and 7 of the Amended Complaint for their full and accurate contents.

50. Answering Paragraph 50 of the Amended Complaint, deny the allegations set forth therein; respectfully refer the Court to the document referenced therein (but not attached to the Amended Complaint as an Exhibit) for its full and accurate contents, and further state that Defendants' having instructed their franchisees to discontinue all sales activity of 3M masks immediately after this action was filed is evidence that Defendants did not intend to break any laws or mislead anyone, but rather, when presented with 3M's claims that the conduct was potentially wrongful, immediately ceased any potentially wrongful activity, and had 3M brought the purportedly wrongful conduct to Defendants' attention prior to bringing the instant action, Defendants would have ceased such conduct immediately.

51. Answering Paragraph 51 of the Amended Complaint, deny any allegations of wrongdoing set forth therein, except admit that Plaintiff purports to seek relief against Defendants for the alleged conduct set forth therein.

52. Defendants repeat their responses to Paragraphs 1 through 51 of the Amended Complaint with the same force and effect as if fully set forth herein.

53. Answering Paragraph 53 of the Amended Complaint, admit that Plaintiff's First Claim for Relief purports to be a claim for trademark infringement under 15 U.S.C. § 1114, and deny any liability therefor.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54 of the Amended Complaint.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of the Amended Complaint.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the Amended Complaint.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Amended Complaint.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the Amended Complaint.

59.     Deny the allegations set forth in Paragraph 59 of the Amended Complaint.

60.     Deny the allegations set forth in Paragraph 60 of the Amended Complaint.

61.     Deny the allegations set forth in Paragraph 61 of the Amended Complaint.

62.     Deny the allegations set forth in Paragraph 62 of the Amended Complaint.

63.     Admit the allegations set forth in Paragraph 63 of the Amended Complaint.

64.     Deny the allegations set forth in Paragraph 64 of the Amended Complaint.

65.     Deny the allegations set forth in Paragraph 65 of the Amended Complaint.

66.     Deny the allegations set forth in Paragraph 66 of the Amended Complaint.

67.     Deny the allegations set forth in Paragraph 67 of the Amended Complaint.

68.     Deny the allegations set forth in Paragraph 68 of the Amended Complaint.

69.     Deny the allegations set forth in Paragraph 69 of the Amended Complaint.

70.     Defendants repeat their responses to Paragraphs 1 through 69 of the Amended Complaint with the same force and effect as if fully set forth herein.

71.     Answering Paragraph 71 of the Amended Complaint, admit that Plaintiff's Second Claim for Relief purports to be one for federal unfair competition, false endorsement, false association, and false designation of origin under 15 U.S.C. § 1125()(1)(A), and deny any liability therefor.

72.     Deny the allegations set forth in Paragraph 72 of the Amended Complaint.

73.   Deny the allegations set forth in Paragraph 73 of the Amended Complaint.

74.   Deny the allegations set forth in Paragraph 74 of the Amended Complaint.

75.   Deny the allegations set forth in Paragraph 75 of the Amended Complaint.

76.   Deny the allegations set forth in Paragraph 76 of the Amended Complaint.

77.   Defendants repeat their responses to Paragraphs 1 through 76 of the Amended Complaint with the same force and effect as if fully set forth herein.

78.   Answering Paragraph 78 of the Amended Complaint, admit that Plaintiff's Third Claim for Relief purports to be a claim for federal trademark dilution under 15 U.S.C. § 1125(c), and deny any liability therefor.

79.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 79 of the Amended Complaint.

80.   Deny the allegations set forth in Paragraph 80 of the Amended Complaint.

81.   Deny the allegations set forth in Paragraph 81 of the Amended Complaint.

82.   Deny the allegations set forth in Paragraph 82 of the Amended Complaint.

83.   Deny the allegations set forth in Paragraph 83 of the Amended Complaint.

84.   Deny the allegations set forth in Paragraph 84 of the Amended Complaint.

85.   Deny the allegations set forth in Paragraph 85 of the Amended Complaint.

86.   Defendants repeat their responses to Paragraphs 1 through 85 of the Amended Complaint with the same force and effect as if fully set forth herein.

87.   Answering Paragraph 87 of the Amended Complaint, admit that Plaintiff's Fourth Claim for Relief purports to be for false and deceptive advertising under 15 U.S.C. § 1125(a)(1)(B), and deny any liability therefor.

88.   Admit the allegations set forth in Paragraph 88 of the Amended Complaint.

89.   Deny the allegations set forth in Paragraph 89 of the Amended Complaint.

90.   Deny the allegations set forth in Paragraph 90 of the Amended Complaint.

91.   Deny the allegations set forth in Paragraph 91 of the Amended Complaint.

92.   Deny the allegations set forth in Paragraph 92 of the Amended Complaint.

93.   Deny the allegations set forth in Paragraph 93 of the Amended Complaint.

94.     Deny the allegations set forth in Paragraph 94 of the Amended Complaint.

95.     Deny the allegations set forth in Paragraph 95 of the Amended Complaint.

96.     Deny the allegations set forth in Paragraph 96 of the Amended Complaint.

97.     Defendants repeat their responses to Paragraphs 1 through 96 of the Amended Complaint with the same force and effect as if fully set forth herein.

98.     Answering Paragraph 98 of the Amended Complaint, admit that Plaintiff's Fifth Claim for Relief purports to be for trademark dilution under California Business and Professions Code § 14247, and deny any liability therefor.

99.     Deny the allegations set forth in Paragraph 99 of the Amended Complaint.

100.    Deny the allegations set forth in Paragraph 100 of the Amended Complaint.

101.    Deny the allegations set forth in Paragraph 101 of the Amended Complaint.

102.    Defendants repeat their responses to Paragraph 1 through 101 of the Amended Complaint with the same force and effect as if fully set forth herein.

103.    Answering Paragraph 103 of the Amended Complaint, admit that Plaintiff's Sixth Claim for Relief purports to be for unfair competition in violation of California Business and Professions Code § 17200 *et seq.*, and deny any liability therefor.

104.    Deny knowledge of the allegations set forth in Paragraph 104 of the Amended Complaint but on information believe them to be true.

105.    Deny knowledge of the allegations set forth in Paragraph 105 of the Amended Complaint but on information believe them to be true.

106.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 106 of the Amended Complaint.  **?????**

107.    Deny the allegations set forth in Paragraph 107 of the Amended Complaint.

108.    Deny the allegations set forth in Paragraph 108 of the Amended Complaint.

109.    Deny the allegations set forth in Paragraph 109 of the Amended Complaint.

110.    Deny the allegations set forth in Paragraph 110 of the Amended Complaint.

111.    Deny the allegations set forth in Paragraph 111 of the Amended Complaint.

112.    Deny the allegations set forth in Paragraph 112 of the Amended Complaint.

113.     Defendants repeat their responses to Paragraphs 1 through 112 of the Amended Complaint with the same force and effect as if fully set forth herein.

114.     Admit that Plaintiff's Seventh Cause of Action purports to be for false advertising in violation of California Business and Professions Code § 17500 *et seq.*, and deny any liability therefor.

115.     Deny the allegations set forth in Paragraph 115, and sub paragraphs a. through e. of the Amended Complaint.

116.     Deny the allegations set forth in Paragraph 116 of the Amended Complaint, except admit that 3M never authorized anything viz a viz Defendants, or either of them.

117.     Deny the allegations set forth in Paragraph 117 of the Amended Complaint.

118.     Deny the allegations set forth in Paragraph 118 of the Amended Complaint.

119.     Deny the allegations set forth in Paragraph 119 of the Amended Complaint.

120.     Deny the allegations set forth in Paragraph 120 of the Amended Complaint.

121.     Deny the allegations set forth in Paragraph 121 of the Amended Complaint.

122.     Defendants repeat their responses to Paragraphs 1 through 121 of the Amended Complaint with the same force and effect as if fully set forth herein.

123.     Admit that Plaintiff's Eighth Claim for Relief purports to be for unfair competition and trademark infringement under California common law, and deny any liability therefor.

124.     Deny the allegations set forth in Paragraph 124 of the Amended Complaint.

125.     Deny the allegations set forth in Paragraph 125 of the Amended Complaint.

126.     Deny the allegations set forth in Paragraph 126 of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

127.     The Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

128.     Defendants' use of pictures of 3M products in their sales materials amounts to fair use.

129.    Defendants never claimed to be authorized dealers of 3M products, nor did they use any 3M mark in any way to confuse consumers or customers as to their affiliation or lack thereof with 3M.  Indeed, Defendants' sales materials include pictures of products of other companies as well.  See Exhibit 4 to Amended Complaint.

**THIRD AFFIRMATIVE DEFENSE**

130.    Defendant RX2Live, LLC at all times was acting as a sales agent to a third-party who set all pricing and purchasing procedures.

131.    Thus, any information that said Defendant included in its sales materials to potential customers was information it received from the third parties for whom it was acting as sales agent, and Defendant RX2Live, LLC  merely passed the information along to potential customers.

132.    Defendants never held themselves out as being in any way affiliated with 3M, and indeed, upon being notified that Plaintiff believed that they were so holding themselves out, Defendant RX2Live, LLC ceased all activities in connection with the sale of 3M N95 Respirators, which Defendant RX2Live, LLC would have earlier done had Plaintiff brought the oversight to Defendants' attention prior to the institution of this lawsuit.

**FOURTH AFFIRMATIVE DEFENSE**

133.    Defendant RX2Live, Inc. did not engage in any of the wrongdoing alleged by Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

134.    Plaintiff has suffered no damages, and, if it did suffer any damages, Plaintiff failed to properly mitigate the same.

[SIGNATURE PAGE NEXT PAGE]

DEFENDANTS' ANSWER TO AMENDED COMPLAINT
CASE NO. 1:20-CV-00523-NONE-SAB

**WHEREFORE,** Defendants demand judgment dismissing the Amended Complaint against them in its entirety, along with such other and further relief as the Court deems just.

Dated: May 15, 2020

EISENBERG & CARTON

*/s/ Lloyd M. Eisenberg*

By:_____

Lloyd M. Eisenberg (*pro hac vice*)
leisenberg@eisenbergcarton.com
405 RXR Plaza
Uniondale, New York  11556
Telephone:  (516) 221-3700
Facsimile:    (516) 977-3337

Attorneys for Defendants RX2Live, LLC
and RX2Live, Inc.

# JURY DEMAND

**WHEREFORE,** Defendants hereby demand a trial by jury with respect to all issues triaable to a jury.

Dated: May 15, 2020

EISENBERG & CARTON

*/s/ Lloyd M. Eisenberg*

By:_____

Lloyd M. Eisenberg (*pro hac vice*)
leisenberg@eisenbergcarton.com
405 RXR Plaza
Uniondale, New York  11556
Telephone:  (516) 221-3700
Facsimile:    (516) 977-3337

Attorneys for Defendants RX2Live, LLC
and RX2Live, Inc.

- 13 -