UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 3M COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>RX2LIVE, LLC and RX2LIVE, INC.,<br><br>    Defendants. | No. 1:20-cv-00523-NONE-SAB<br><br>CONSENT JUDGMENT AND PERMANENT INJUNCTION<br><br>Action Filed: April 10, 2020<br>Amended Complaint Filed: April 19, 2020<br>Jury Trial Demanded |

This Consent Judgment and Permanent Injunction ("Consent Judgment") is issued and entered based upon the Settlement Agreement and Stipulation for Entry of Consent Judgment and Permanent Injunction ("Stipulation") entered into by plaintiff 3M Company ("plaintiff" or "3M") and Defendants RX2Live, LLC and RX2Live, Inc ("defendants" or "RX2Live") (collectively, the "Parties"), in the above-captioned action, (Doc. No. 40), and this court's approval of the same based on its independent review of the Stipulation, and is made with reference to the following findings of fact:

  1.  3M filed the above-captioned case against RX2Live, LLC in the Eastern District of California, on April 10, 2020;

  2.  3M amended its Complaint on April 19, 2020 to add Defendant RX2Live, Inc., which owns 100% of the assets of Defendant RX2Live, LLC, and served defendants on April 20, 2020;

3. On April 27, 2020, 3M filed a motion for a temporary restraining order ("TRO") and preliminary injunction as to its federal and state claims for trademark infringement and dilution, unfair competition, false endorsement, false association, false designation of origin, and unlawful, unfair, and fraudulent business acts and practices. (Doc. No. 14-1.);

4. On April 30, 2020, this court granted 3M's motion for a TRO in its entirety and further ordered that defendants appear before The Honorable Dale A. Drozd, District Judge, United States District Court for the Eastern District of California, on May 12, 2020, at 10:00 a.m. (Pacific Time), and show cause as to why the court should not enter an order granting a preliminary injunction against defendants;

5. On May 8, 2020, this court entered the Stipulated Preliminary Injunction Against RX2Live, LLC and RX2Live, Inc. (ECF No. 23);

6. Defendants state that they have never marketed or sold 3M products, and have no present intention of marketing or selling 3M products, except that defendants did attempt for a short time prior to the commencement of this action to market and sell the 3M N95 respirators at issue in this action as an agent of another company;

7. The Parties have entered into the Stipulation in order to settle this action, and have requested that this court approve the Stipulation. In light of the foregoing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This court has subject matter jurisdiction over this action.

2. This court has personal jurisdiction over the Parties to this action.

3. Pursuant to the terms of the Settlement Agreement entered into by the Stipulating Parties:

    a. RX2Live shall cease and desist from holding itself out to consumers and/or government agencies as having any affiliation or connection with 3M and/or any authorized distributor of 3M;

    b. RX2Live shall cease and desist from using any of 3M's trademarks and/or logos in correspondence or other offers of solicitation related to Personal Protective Equipment ("PPE");

    c. RX2Live shall cease and desist from representing any pricing information for 3M-brand N95 respirators;

    d. RX2Live shall cease and desist from offering to sell or selling any of 3M's products;

    e. RX2Live shall cease and desist acquiring any 3M product for the purposes of resale; and

    f. RX2Live shall make a payment to 3M in the amount of seven hundred and fifty dollars ($750.00), which 3M shall thereafter donate to a nonprofit organization of its choosing focused on COVID-19 relief;

4. 3M waives all claims that it could have brought against RX2Live, its directors, officers, successors and assigns, and any other business entity directly or indirectly owned, operated, managed, or controlled by RX2Live in this matter. 3M reserves, and this Consent Judgment is without prejudice to, all rights with respect to all other matters, including but not limited to: (a) liability for conduct not referred to or described in the complaint and/or (b) RX2Live's failure to satisfy the requirements of this Consent Judgment.

5. This Consent Judgment is binding upon RX2Live, its directors and officers (acting on behalf of RX2Live), successors and assigns, and any other business entity directly or indirectly owned, operated, managed, controlled by, or otherwise operating in conjunction with RX2Live and upon 3M.

6. This court accepts this Consent Judgment is a compromise of disputed claims and acknowledges that by entry into the Consent Judgment and Permanent Injunction no enjoined party admits any liability, obligation, or wrongdoing of any kind.

7. This court retains jurisdiction for the purpose of enabling any Party to this Consent Judgment to apply to the court at any time for such further orders and directions as may be necessary and appropriate for the construction or carrying out of this Consent Judgment, for the modification or termination of any of its injunctive provisions, for the enforcement of any of its provisions, or for punishment of any violations of its provisions.

8. Jurisdiction and venue for any action or proceeding to enforce the provisions of this Consent Judgment shall be in the United States District Court for the Eastern District of California.

IT IS SO ORDERED.

Dated:   **August 2, 2021**                    _____
                                                UNITED STATES DISTRICT JUDGE